Mr. Sczygelski for the appellant, Mr. Birch for the appellate. Mr. Sczygelski for the appellant. May it please the court. My name is Douglas Sczygelski. I'm the appellant. I have reserved three minutes for rebuttal. May it please the court. My case here is pretty simple and straightforward. I filed a complaint. It has six claims or six different accusations or arguments if you prefer that terminology. The district court has decided that all six are barred by res judicata. I feel very confident that at least the third claim and the fifth claim are not barred by res judicata because I did not have standing to bring those claims in my first lawsuit. I'm arguing in the third claim that rejecting my job application for the civil service job in New York was a violation of the Equal Protection Clause because I was rejected for making statements that civil servants are allowed to make. And I don't see any rational reason why an applicant is rejected for saying something that a civil servant is allowed to say. But obviously I could not bring that argument until I became a rejected civil service applicant. You could have raised it in the December 2011 complaint in New York regarding New York. The 2011 complaint? This is the third complaint, right? I guess you could call it the third lawsuit, yes. Yeah, the third lawsuit. You could have raised it in the second one. Well, in that lawsuit I was suing occupation. It doesn't matter. There's privity. There are a lot of cases that say there's privity between government officials across lines. And you don't dispute that if what was done in South Dakota or North Dakota, whatever, was proper, as found by the first case, you could be barred in New York. You're not doubting that. You could have raised your claim in the second suit. I realize the focus has been raised on the third one, but you could have raised it in the second one. The focus has been on the first one, but you could have raised it in the second one. And it doesn't matter that it was a 12B6 because that's still race judicata. Yes, I could have brought it in the second lawsuit if I wanted to sue. Right, and if you fail you to do it, it's race judicata. Well, Your Honor, I... It's over. You had your opportunity. No, I mean, it's just the law. You had your opportunity, so long as there is privity. You had your opportunity to raise the point, and it's the same point you're raising again. You could have raised it in that second suit. You didn't do it. I could have sued both OSC and CBP in that second lawsuit if I'd wanted to. Yes, you're right about that. But in that second lawsuit I was talking about something that was, in my opinion anyway, completely irrelevant to the decision to reject my track application for the New York Civil Service job. I was talking about my belief... The reason for the rejection of the position in the Civil Service job was what happened in South Dakota, right? Yes. Well, that's what we're talking about now. Well, I don't think that... In my second lawsuit, you see, I was arguing that OSC had done a negligent job of investigating my complaints. My point is not that. My point is that these are all related, and it's the first job action against you that you continue to contest, and you should have raised that or could have raised that in the second. Your failure to do so and the dismissal precludes you from trying again. It just can't go on and on and on. You had the opportunity, and you agreed you could have raised it in the second lawsuit. You didn't do it. And there's privity across government lines. We have case law that says that. Well, I think it was a separate cause of action, even though the defendant would have been the same. You're not understanding very strictly. Well, obviously, Your Honor, you're entitled to opinion. You can't horse it up that way. You can't keep going on and on and on and on. If you have an opportunity, if the basis for the claim is essentially the same, that is, that first action against you, you can't take a piece here and a piece there and a piece here and keep filing lawsuits. And you clearly had an opportunity in that second lawsuit to raise it, and you didn't. So whether or not the district court was right with respect to race judicata with relation to the first lawsuit, there's no doubt that you missed on the second one. And we can raise that. Your Honor, I think that it's a different cause of action when OSC negligently handles my complaints about being fired and when CBP rejects my job application for a different job in New York. I think those are two different causes of action. So I don't think I had—obviously, I could have brought it up in the second lawsuit if I had wanted to make that an even larger and more unwieldy lawsuit, but I didn't want to do that. I thought about it, but I decided not to because I didn't think it was necessary. If somebody punches me in the face on January 1st and then does it again on February 1st, I can sue both those two instances separately. The basis for the New York rejection was the South Dakota action, right? It was the government's belief that I'm a certain type of person that they don't want to hire. Based on the South Dakota action? Sure. Right. That's the point. So the punching in the face is entirely different. You're going after the South Dakota action three different times. Well, I think the government did something separate in the case of me applying for that job in New York because after I applied for that job, they advertised the opening. It's like they say, he punched me in the face in one suit. It was negligence. He punched me in the face in the second suit with animus. He punched me in the face in the third suit because of my race. It's not the way we allow you to proceed. The whole thing is that the punch in the face is the basis for every one of your actions. Well, Your Honor, you're certainly entitled to your opinion. Thank you. I really appreciate that. In the DC Circuit's Stanton case that I mentioned in my brief, every single time a taxpayer pays a tax, that's a new cause of action. And I think that's pretty much the same case I've got here. We had a case, and the name of it is keeping me, where we had someone who was fired, claimed discrimination, didn't bring the lawsuit yet, asked for his job back and claimed discrimination when he didn't get it. We held at that point that he couldn't start the period for filing the lawsuit over again by asking for another job when he's alleged in the same kind of discrimination as the first and where the time had lapsed. Without being able to remember the name of that case, wouldn't that control here that same kind of reasoning that you can't refresh your right to bring a lawsuit by asking for a new job and then claiming the same discrimination? Well, I don't know the details of that particular case. I know in my particular case, the government had no obligation to reject my application. No statute, no regulation said they had to do it. They simply decided to do it because of a policy. And if we're talking about something such as the Harrison v. Norton case that was referred to, that was relied upon very heavily by the district court, I think that's a distinction there. In the Harrison v. Norton, we had a really annoying plaintiff who just kept filing the same application over and over and over again, and the law required every single time that she be rejected. But in my case, the government could have hired me the second time. No statute said they couldn't. No regulation said they couldn't. They just had this policy that they didn't want people like me working for them. Can I ask, you agree that you can't challenge the basis for their firing you, original decision to fire you, right? That is precluded, correct? What was decided by the Eighth Circuit, well, only two decisions were made. First, that firing me did not violate the First Amendment, and second, that they did not have jurisdiction to decide whether or not. But you agree on the, with respect to that one, you couldn't make an argument today that the firing you violated the Equal Protection Clause. That clearly arises out of the same facts and circumstances as the argument that you couldn't have been fired under the First Amendment, right? You couldn't file a lawsuit today saying. Oh, about the original firing? Yes. No, I couldn't do that. You agree with that, right? Right. So you're precluded from challenging the validity, let's limit ourselves to the constitutional validity now, the constitutional validity of the original firing, right? That's why you're making an argument about hiring now. Yes. Right? How is hiring, if you can't challenge the constitutional validity of the firing, isn't the constitutional validity of not hiring you a fortiori? That is, isn't it, whatever rights you had because you were already in place, wouldn't you have even less rights as somebody who's trying to be hired? As far as the Constitution goes, I don't think there would be fewer rights for an applicant. Would you have more? I wouldn't say more, but. Well, then, if the ground for not hiring you is the same as the ground was for not firing you, if the ground, if the ground for firing you, if the ground for firing you is acceptable because now you can't challenge it, doesn't that a fortiori mean that you can't challenge your hiring because your only argument is they didn't hire me for the same reason that they fired me? I think it's because this is a different event and a different cause of action. If a taxpayer can sue over and over again about every time he or she has to pay a tax, then I don't see how it's different if a person has to pay a tax. Because that's only, each one's a new tax. A taxpayer can't hire, if the taxpayer's original argument is that I can't be taxed in the United States because I'm a citizen of Britain, and in the first case the court says you're not a citizen of Britain, you are a citizen of the United States, you can't come back in and say in a second suit I can't be taxed because I'm a citizen of Britain unless you can prove something new, like I've suddenly become a citizen of Britain. Do you have anything new? No, I wouldn't say anything new happened except that, well, it's just a new event. Firing somebody and then a few months later or years later refusing to hire them are two separate events in my opinion. Locating the case I was thinking of is Kuffman v. Perez. The issue there was not the same issue as here, but the situation was that a job action was taken against the employee, Kuffman. He was removed from a position of responsibility. His time period for bringing the action ran out. He applied to re-assume his prior position of responsibility. They denied him again, or they denied him, and he tried to bring it within the 90 days running from that time. We held that where you had a job action taken, in this case it would be a termination, and then you later come back and claim it back, you can't start the time running over. Why would you be able to resurrect the right to re-litigate at the same point any more than you would be able to start the time running over? Well, Your Honor, I've never heard of that case, and the way you describe it really does make it sound like it would be tough for me to overcome. All I can say is it sounds to me, though, that that contradicts what was said in the Stanton case that I mentioned in my brief about a taxpayer being allowed to sue over the same tax over and over and over again. Kuffman v. Perez is the case. I can find the citation for you here, but you can look it up as well as I can. 745F3521. I don't think anybody said it in the brief, and I honestly have to say I didn't think of it myself until this morning, but I don't see why it wouldn't be very instructive on this. Well, all right, sir, but I still don't see the rationale for why a taxpayer can sue over a tax over and over again, but I can't sue over and over and over again. I think it's the same thing. All right, well, we'll hear from the government. Thank you. Thank you. May it please the Court, Allen Birch. I'd first like to address Judge Edwards' point about the second case in which Mr. Shedelsky could have brought it. There is support in the Capitol Hill case that the Court can raise judicata sua sponte, so the Court would be free to address that, even though the parties haven't and the district court didn't rely on it either. No, I understand. I was perplexed when I read the record as to why that didn't come up, and the appellant has already conceded he could have raised it, and he clearly could have, and it relates to precisely the same question that's being raised again. And it seems to me a clear path to affirmance through that very line of thought then. And the only question I wondered about was privity, but we have cases that say there is privity across government officials. That's clearly established as well, Your Honor, and so that's a clear path to affirmance that makes a lot of sense. The path the government has argued relies on the fact that this was an issue that was a claim that was litigated before. We don't rely on the other half who raised judicata for claims that could have been brought with respect to – What argument? This is a – This is the government's argument. It's brief. No, no, I know, but his argument is that he wasn't hired for an unconstitutional reason. The argument that was decided was he wasn't fired for an unconstitutional reason, right? Right. He couldn't obviously have – he couldn't earlier have brought the I couldn't be hired claim. That's not our theory. So how is he precluded from making the hired argument since he couldn't have made it before? Well, because his hired argument is that it was – it relies entirely on the notion that he was fired improperly, and that is what he cannot do. That is the one way that he cannot challenge the failure to hire by saying that the only reason or the core reason is that I was fired improperly. And that's exactly what he's done here. But, I mean, that problem is overcome if you refer to the second suit, which he agrees he could have raised the issue. Right. You don't have the problem when you focus on the second lawsuit. That's right. That's right. You don't have the problem at all. Just to leave it – to put that just aside for one moment, I'm still a little confused about the hiring and firing. He's making a different argument that maybe without addressing the merits of the argument, he's making a different argument about – now he's saying that not hiring me is unconstitutional. He certainly could have made a different argument, Your Honor, but he hasn't presented any grounds that the hiring decision was wrong other than it relied on the firing decision. Well, I thought his argument is that the grounds are that they're not hiring me because I have controversial views. Yes, and those views have always been presented as the same views that got him fired. He invariably links it back to the same views. The core is the same. I would point you to the Juan case cited in our brief, which involves an analogous situation in that the precise claim could not have been brought in the first lawsuit because it was a bankruptcy proceeding and the challenge was to – the enforcement or the – it was the second case involved a fair debt collection procedure at claim that the way you're trying to collect this debt is improper. That could not have arisen in the first action, which was the bankruptcy proceeding itself, because they hadn't tried to collect the debt yet. The creditor hadn't tried to collect. But nevertheless, the second lawsuit was deemed barred because the challenge was essentially to the challenge of the claim itself. And so it's analogous, and under the pragmatic approach for preclusion that is talked about in several of the cases discussed in our brief, it seems like an easy fit, even under the theory that the government has relied on. But as Judge Edwards has pointed out, we don't need to go there. We can rely on the second lawsuit that Mr. Krzyzewski has brought. If there are no further questions, we would ask the Court to affirm. Thank you. Just can I ask on the Juan case? Sure. I've written that off because it said it was based on Illinois law of claim preclusion. I don't take the preclusion law on Juan. It would be significantly different. I think it relies on the principles. Is it not a broader issue about – wait, you're arguing now about claim preclusion, right? This is if they arose from a single group of operative facts, regardless of whether they assert different theories. That was the Illinois theory. That sounds more like race judicata then. I mean, that sounds like a broader version of race judicata. Do you think not? It's simply a statement of the first element of race judicata, the transactional test for what is the same claim. Yeah. Okay. Thank you. Thank you, Your Honor. Does Mr. Krzyzewski have any time? We'll give you another minute. Okay. Thank you. Well, all I can say, though, is that I wasn't anticipating any discussion about my South Dakota – I mean, about the second lawsuit against OSC. All I can say is that at the time I thought that the negligence of OSC in investigating my complaints was a totally different event than the government's refusal to hire me for the New York Civil Service job. I considered suing about them both at the same time, but I just decided that would make the case too unwieldy. And I'd like to say that – emphasize again what I'm saying here, is that every single time a person applies for a civil service job, I think that's a new cause of action. Just like every time a person pays a tax, it's a new cause of action, especially in my case when the government told me I was tentatively selected and directed me to do a bunch of things, take a drug test, fill out a bunch of forms, send in copies of my tax returns,  Why wouldn't a person be able to create a perpetual cause of action if he's discriminated against one time just by continuing to file applications and getting himself refused? He could create a perpetual cause of action, couldn't he? Even though he lost every time. Yes, a collateral estoppel could certainly be a bar, but I would say that no, a race judicata would not be a bar if a person applies for a job a hundred different times. Just like a tax. Just like paying a tax. I think it's the same principle. No, the government's the one that keeps causing you to have a cause of action on the tax. They keep assessing the tax. Right. The government didn't go out and find you to do something to you. This time you went in and took the new action. Yes, but the government advertised that vacancy and invited the whole country to apply, and I was certainly qualified. They sent me a letter saying I was tentatively selected, and then they asked me to do a bunch of stuff, just like the taxpayer loses, just like they take money out of the taxpayer's pocket. They told me to go take a drug test. They told me to sit for an interview with a background investigator. It did cost me a small amount of money and time, so I think the government was doing something in this hiring process when they ultimately rejected me. Further questions from the panel? No. Okay, thank you. We'll take them out under submission. Thank you.
judges: Garland, Edwards, Sentelle